UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANTHONY WILLIAMS                                    Index No. 19-cv

             Plaintiff                           **COMPLAINT**

-against-
                                                    **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,

THE NEW YORK CITY POLICE DEPARTMENT,

DETECTIVE GIOVANNI WILSON *in his individual and
official capacity*,

POLICE OFFICERS JOHN DOE 1-2 *in their individual
and official capacity*,

             Defendants.
------------------------------------------------------------------------x

Plaintiff Anthony Williams brings this action against Defendants The City of New York, The
New York City Police Department, Detective Giovanni Wilson, and Police Officers John Doe 1-
2:

## NATURE OF THE ACTION

    1.     This is a civil rights action in which plaintiff Anthony Williams seeks relief for

violations of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983; and, of rights

secured by the Fourth and Fourteenth Amendments to the United States Constitution; and, for

rights secured under the laws and Constitution of the State of New York.  Plaintiff seeks

damages, compensatory and exemplary, an award of costs and attorney's fees, and such other and

further relief as this Court deems just and proper.

## THE PARTIES

    2.     Plaintiff Anthony Williams is a resident of the State of New York, County of New

York.

3.      Upon information and belief, Defendant The City of New York ("The City"), was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

4.      Upon information and belief, The City, its agents, servants, employees and/or licensees operated, maintained and controlled the New York City Police Department ("The NYPD"), including all the police officers thereof.

5.      Upon information and belief, The NYPD, its agents, servants, and employees, supervised, maintained, and controlled its personnel.

6.      Upon information and belief, Defendants Wilson and Does 1-2 were and still are employed by The NYPD and are residents of the State of New York, Kings County.

7.      Plaintiff does not know the identities of Does 1 or 2 presently, but will discover their names through discovery.

8.      A Notice of Claim was filed within 90 days of the occurrence alleged herein.

9.      More than 30 days have elapsed since the Notice of Claim was served upon the defendants and defendants have neglected or refused to make any adjustment or payment thereof.

10.     This action is commenced within one year and 90 days after the cause of action arose.

## VENUE AND JURISDICTION

11.     Jurisdiction is conferred by 28 U.S.C. § 1343, which provides for original jurisdiction of this Court in suits authorized under 42 U.S.C. § 1983, to redress the deprivation (under color of state law, statute, ordinance, regulation, custom or usage) of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens of all persons within the jurisdiction of the United States.

12.     This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

13.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

**FACTUAL ALLEGATIONS**

14.     On or about November 22, 2017, one day before Thanksgiving, in the vicinity of 314 W 54th St, New York NY 10019 Police Officers John Doe 1 and John Doe 1 arrested Mr. Williams without probable cause.

15.     Doe 1 and Doe 2 were acting at the direction of Detective Giovanni Wilson.

16.     Upon information and belief, Detective Wilson directed the arrest of Mr. Williams based on a police report which could not have possibly formed the basis for probable cause.

17.     Upon information and belief, Detective Wilson directed the arrest even though he conclusively knew that Mr. Williams had violated no law and was innocent of any crime.

18.     Does 1 and 2 transported Mr. Williams from West 54th Street to Central Booking in Brooklyn.

19.     Detective Wilson then processed Mr. Williams's arrest.

20.     Mr. Williams was not released from custody until November 23, 2018, Thanksgiving Day.

21.     Mr. Williams was released because the Kings County District Attorney declined to prosecute.

22.     Upon information and belief, after speaking to Detective Wilson the prosecutor realized that the allegations against Mr. Williams were "not a criminal matter."

23.     Because the allegations were not criminal, they could not form the basis of probable cause.

## FIRST CAUSE OF ACTION
**(False Arrest Under State Law; All Defendants)**

24.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

25.     Defendants, individually and acting in concert and/or aiding and abetting each other, intended to confine Plaintiff.

26.     Defendants did not have probable cause to arrest Plaintiff.

27.     Plaintiff was conscious of that confinement and did not consent to it.

28.     The confinement was not privileged and made in disregard of overwhelming evidence of Plaintiff's innocence.  As a result of defendants' actions, Plaintiff suffered damages.

## SECOND CAUSE OF ACTION
**(Malicious Prosecution Under State Law; All Defendants)**

29.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

30.     By virtue of the foregoing, defendants, acting in concert with and aiding and abetting each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

31.     The criminal proceedings terminated in Plaintiff's favor.

32.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

33.     The defendants acted with actual malice.

34.     The City is liable for defendant's actions under the principle of *respondeat superior*.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision; Defendant City of New York)

35.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

36.     By virtue of the foregoing, defendant City of New York is liable to Plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or grossly negligent hiring, retention and supervision of its agents, servants and/or NYPD employees with regard to their duties, including:

(a)     the standards for arrest and probable cause; and

(b)     what is—*and what is not*—a crime based on settled and prevailing law.

37.     Policymaking and supervisory officials for The NYPD and the City had legal and constitutional obligations to prevent their employees from violating the above duties.  Those policymakers and officials had knowledge and notice that adequate polices regarding hiring, retention and supervision were necessary with respect to rank and file police officers and their supervisors and that failing to implement such policies would result in the violation of the constitutional rights of individuals investigated and arrested by The NYPD

38.     By virtue of the foregoing, Plaintiff suffered actual damages.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983; Malicious Prosecution; Wrongful Arrest And Detention; False Arrest; Racially Motivated Policing; and Deprivation of Liberty Under the Fourth, Fifth, Sixth and Fourteenth Amendements; Against All Defendants)

39.     Plaintiff repeats and realleges each and every previous allegation contained in this Complaint and incorporates them here.

40.     Defendants, without probable cause, wrongfully detained and arrested Plaintiff and wrongfully charged him with criminal acts.

41.     The individual defendants, by virtue of the foregoing, acting in concert with each other and with additional persons for whose acts they are liable, initiated, continued and/or caused the initiation or continuation of, criminal proceedings against Plaintiff.

42.     The criminal proceedings terminated in Plaintiff's favor.

43.     There was no probable cause for the commencement or the continuation of the criminal proceedings.

44.     There was no probable cause for Plaintiff's initial detainment.

45.     The Defendants acted with actual malice.

46.     The individual Defendants were racially motivated in arresting Plaintiff, despite his actual and known innocence.

47.     The aforesaid conduct operated to deprive Plaintiff of his rights under the Constitution and the Laws of the United States.

48.     The foregoing violations of Plaintiff's federal constitutional rights by the defendants, together with their co-conspirators and accomplices, known and unknown, directly, substantially, proximately and foreseeably caused the continuation of Plaintiff's malicious prosecution without probable cause and his other injuries and damages.

49.     The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions taken under color of state law and within the scope of the Defendants' employment and authority.

50.     Defendants committed the foregoing violations of Plaintiff's rights knowingly,

intentionally, willfully, recklessly, negligently and/or with deliberate indifference to Plaintiff's

constitutional rights which are protected by 42 U.S.C. § 1983.

51.     By reason of the foregoing, the defendants are liable for damages.

### FIFTH CAUSE OF ACTION
**Claim Under 42 U.S.C. § 1983 for Violative Policies, Practices and Procedures**
**(Against The City of New York and The New York City Police Department)**

52.     Plaintiff repeats and realleges each and every previous allegation contained in this

Complaint and incorporates them here.

53.     The City of New York and The NYPD had in effect, both before and at the time

of the events alleged in this complaint, policies, practices, procedures, and customs which

operated to deprive Plaintiff of his constitutional rights.

54.     The City of New York and The NYPD are liable under 42 U.S.C. § 1983 because

they established policies, practices, procedures, and customs that were intended to and did

encourage, endorse, and reward their agents and employees for violating the constitutional rights

of Plaintiff and other similarly situated persons.  At a minimum, the supervisors and the

governmental units were deliberately indifferent to such constitutional violations.

### DAMAGES DEMAND

WHEREFORE, PLAINTIFF demands judgment against the defendants as follows:

a.     For compensatory damages of not less than $1,000,000;

b.     For punitive damages against the individual defendants of $5,000,000;

c.     For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court;

d.     For pre-judgment interest as allowed by law; and

e.       For such other and further relief as this Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

<u>Plaintiff demands a jury trial on all issues raised herein</u>

Dated: New York, New York
February 4, 2019

Respectfully Submitted


<u>/s/Henry Bell</u>
By: Henry Bell
Bell Law PLLC
747 Third Ave, Second Floor
New York, NY 10017
347-951-7743